FRANCIS AND ALBINA KILONSKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; KILONSKY CLINIC, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kilonsky v. Commissioner
Docket Nos. 11045-89, 11046-89
United States Tax Court
T.C. Memo 1990-642; 1990 Tax Ct. Memo LEXIS 717; 60 T.C.M. (CCH) 1484; T.C.M. (RIA) 90642; December 20, 1990, Filed *717 An appropriate order will be issued and decisions will be entered for the respondent. John E. Budde, for the respondent. WELLS, Judge. WELLS
*2125 MEMORANDUM OPINION The instant consolidated cases (hereinafter referred to as the instant case) are before us on respondent's motion to render default decisions against petitioners pursuant to Rule 123(a). [1] Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Francis and Albina Kilonsky
Additions to Tax Under Sections
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6661
1979
$   1,202.95
$  9,185.97
- 0 -   - 0 -
- 0 - 1980
7,556.58
12,720.79
- 0 -   - 0 -
- 0 - 1981
149,756.70
91,915.35
- 0 -   - 0 -
- 0 - 1982
35,872.50
- 0 -  $ 30,471.25
*  *718 $ 14,813.13
Kilonsky Clinic, Inc.
1980 - 0 -    $  2,186.00
- 0 -   - 0 -
- 0 - 1981
$ 91,225.40
49,945.00
- 0 -   - 0 -
- 0 - 1982
- 0 -    - 0 -  $ 10,470.00
**  $  5,235.00 *2126 On May 24, 1990, the instant case was placed on the calendar for the Court's October 29, 1990, Trial Session in Cleveland, Ohio. At the call of the calendar, petitioners were represented by counsel, who appeared and moved for a continuance on the ground that Francis Kilonsky and Albina Kilonsky were not present. Petitioners' counsel stated that petitioners were aware that the instant case was to be called for trial but he could not explain their absence. The motion for a continuance was denied and accordingly the instant case was set for trial on November 2, 1990. On the date set for trial, petitioners' counsel appeared and moved to withdraw. *719 The following colloquy took place between the Court and petitioners' counsel: [Petitioners' Counsel]: May it please the Court, Your Honor, I am representing both Petitioners, and I have for several years. I am going to request the Court to be relieved as Counsel, withdraw as Counsel, for the reason that I can't get hold of my clients. My last contact was September the 10th with him personally. We have made arrangements to meet. I have written him letters on September 10th, October 2nd, October 11th, October 18th as certified October 24th, and October 30th when I was up here before the Court for pretrial. All of these were in 1990. I have called every day to his home and have left messages on his answering machine. The messages are such that it's like I'm having a conference with my -- carrying on a whole conversation and have advised him of the appearances needed. He is aware that he -- to my knowledge, he's aware of the trial, and I know that he's been in local contact, because he's -- he just finished some community service a week ago Wednesday. THE COURT: Do you think he's received your letters and your messages? [Petitioners' Counsel]: Yes, Your Honor. I also *720 sent a law clerk out to his home last week before trial to try to get some contact with him, but no one would answer the door, although we think someone was in the house. We're not certain. So my only witnesses were the Doctor and his wife, Albina Kilonsky. THE COURT: Will you adequately be able to carry on a trial without their presence? [Petitioners' Counsel]: I cannot, Your Honor. I have no other evidence. That was my only testimony. So I feel that through a series of circumstances that have lasted for a couple of years, he must just have decided not to defend himself any further in any matters. So as I say, I would like to withdraw as Counsel, Your Honor. The Court granted the motion of petitioners' counsel to withdraw. Respondent then moved for an entry of a default decision against petitioners with respect to the deficiencies and the substantial understatement addition to tax, for which petitioners had the burden of proof. The Court thereupon granted that motion. Respondent next moved for entry of default decision against petitioners with respect to the fraud addition to tax, for which respondent had the burden of proof. That motion was taken under advisement *721 and the Court issued an order requiring petitioners to show cause why respondent's motion should not be granted. Petitioners failed to reply to the Court's Order. With respect to the deficiencies and substantial understatement addition to tax, petitioners have the burden of proof and respondent must prevail on the ground that either petitioners have defaulted or they have failed to carry their burden of proof. , on appeal (6th Cir., Aug. 28, 1989). With respect to the fraud addition, entry of a default decision where a taxpayer has failed to appear and proceed with his case "is appropriate upon a determination in our 'sound judicial discretion' that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid his taxes. . We have reviewed the specific allegations of petitioners' fraudulent underpayment of taxes, pled in detail by respondent in his Answer, and we are convinced that the allegations, if taken as true because of petitioners' default, support such a finding. Furthermore, it is clear that petitioners *722 no longer wish to proceed with their allegations of error in respondent's determination of the deficiencies and additions to tax against them. *2127 Accordingly, respondent's motion will be granted. To reflect the foregoing, An appropriate order will be issued and decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 59,252.50.↩
**. 50 percent of the interest due on $ 20,939.00↩